| JS 44 (Rev. 07/89) | CIVIL COVER SHEET | B 01 - 72 |
|---|---|---|

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

United States District Court
Southern District of Texas
RECEIVED   FILED
MAY 0 7 2001   4:30
Michael N. Milby, Clerk

**I (a) PLAINTIFFS**
Allen Fry and Miguel Lopez

**DEFENDANTS**
AKAL Security, Inc.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Michael R. Cowen
Michael R. Cowen, P.C.
765 E. 7th Street, Suite A
Brownsville, Tx. 78520
956/541-4981

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R R & Truck ☐ 650 Airline Regs | ☐ 820 Copyrights ☐ 830 Patent | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23   **DEMAND $** _____   Check YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)   JUDGE _____   DOCKET NUMBER _____

DATE 5/7/01   SIGNATURE OF ATTORNEY OF RECORD   Michael R. Cowen

UNITED STATES DISTRICT COURT

United States District Court
Southern District of Texas
FILED

MAY 0 7 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALLEN FRY and MIGUEL LOPEZ | } | |
| | } | CIV. ACTION NO. B 01 - 7 2 |
| VS. | } | |
| | } | JURY DEMANDED |
| AKAL SECURITY, INC. | } | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Allen Fry and Miguel Lopez file this lawsuit because Defendant Akal Security, Inc. has discriminated against them because of their age.

### JURISDICTION AND VENUE

1.1   Plaintiffs invoke the jurisdiction of this Court pursuant to 29 U.S.C. 621, *et seq.* and 28 U.S.C. 1331 & 1337. The matter in controversy arises under an act of Congress regulating commerce and relating to age discrimination, and it exceeds the sum and value of $75,000.00.

1.2   This Court also possesses diversity jurisdiction because the parties are citizens of different states, and the amount in controversy exceeds $75,000.00.

1.3   Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. 1391 in that the plaintiffs are residents of the district, the defendant is doing business in the district, and the activities giving rise to plaintiffs' claim took place in this district.

### PARTIES

2.1   Plaintiff Allen Fry is a citizen and resident of Texas, and lives in Cameron County, Texas.

2.2   Plaintiff Miguel Lopez is a citizen and resident of Texas, and lives in Cameron

County, Texas.

2.3   Defendant Akal Security, Inc. is a New Mexico Corporation doing business in the Southern District of Texas. It can be served through its registered agent, Richard Wimberly, 1110 Kingwood Drive, Suite 203, Kingwood, Texas 77339.

## FACTS

3.1   Plaintiffs were employed by Defendant as Court Security Officers ("CSOs").

3.2   Plaintiffs were assigned to work at the federal courthouse in Brownsville, Texas.

3.3   Plaintiff Allen Fry was born on February 7, 1928.

3.4   Plaintiff Miguel Lopez was born on May 8, 1929.

3.5   In 1999, a new Federal Courthouse in Brownsville was opened.

3.6   In June 1999, new CSOs (who were in their 50's and 60's) were assigned to the new courthouse and trained on the new systems, while the older officers were not.

3.7   After the new Federal Courthouse was opened, older CSOs were only stationed at the entrance of the building, and were not allowed to work the roving, control center, or courtroom shifts. As a result, the older CSOs, including Plaintiffs, lost both opportunities to work overtimes, and suffered humiliation and loss of prestige.

3.8   Defendant refused to give the older CSOs, including Plaintiffs, the training necessary for them to work in the control center.

3.9   Plaintiff Miguel Lopez wanted the position of Lead CSO when Bill Sherrill stepped down from the position. Defendant hired a younger man, Roy Zepeda, even though Zepeda had not worked as a CSO.

3.10 Defendant did not hire Plaintiff Miguel Lopez as Lead CSO because of his age.

3.11 Plaintiff Miguel Lopez was more qualified for the Lead CSO position than was Zepeda.

3.12 Defendant terminated the employment of both Plaintiffs due to their age.

3.13 Defendant gave perpetual --and false -- reasons for both of their dismissals, but the real reason was their age.

## FIRST CLAIM FOR RELIEF

4.1 Plaintiffs were employed by Defendant.

4.2 At the time that the events described in the facts section of this Complaint took place, Plaintiffs were both over 40 years of age. In fact, both were over 70.

4.3 Plaintiffs were both terminated because of their age, in violation of 29 U.S.C. 623(a)(1). Therefore, Plaintiffs are entitled to relief under the provisions of 29 U.S.C. 626. The reasons that Defendant has given for Plaintiffs' terminations are perpetual.

4.4 Defendant's practice of only allowing older CSOs to work at the entrance of the courthouse -- as opposed to roving patrols or courtroom duties -- was an illegal limitation, segregation, or classification based on age and violated 29 U.S.C. 623(a)(2). Plaintiffs lost overtime due to this discrimination, and they were also humiliated and suffered mental anguish. Therefore, Plaintiffs are entitled to relief under the provisions of 29 U.S.C. 626.

4.5 Defendant's failure to promote Miguel Lopez, and decision to hire a younger worker from the outside instead, was a decision based on age in violation of 29

U.S.C. 623. Therefore, Plaintiff Lopez is entitled to relief under the provisions of 29 U.S.C. 626.

4.6   Upon information and belief, Plaintiffs were replaced by younger workers after they were terminated.

4.7   Plaintiffs filed timely charges of discrimination with the Equal Employment Opportunity Commission, and have received right to sue letters.

4.8   The violations of the ADEA described above constitute willful violations of 29 U.S.C. 623 and, as such, Plaintiffs are entitled to recover double damages.

## SECOND CLAIM FOR RELIEF

5.1   Defendant's conduct, as described above, was extreme, outrageous, intentional, and malicious.

5.2   As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered severe emotional distress.

5.3   As a result of this intentional infliction of emotional distress, Plaintiffs are entitled to an award of damages under Texas common law for their mental anguish, together with exemplary damages.

## THIRD CLAIM FOR RELIEF

6.1   Defendant's conduct, as described in Paragraphs 4.1-4.8 above, also violated Texas Labor Code 21.051, the Texas act prohibiting age discrimination.

6.2   Therefore, Plaintiffs also bring suit under the Texas Labor Code for age discrimination.

6.3   Plaintiffs filed timely charges of discrimination with the Texas Human Rights

Commission.

WHEREFORE, PREMSIES CONSIDERED, Plaintiffs Allen Fry and Miguel Lopez pray that:

1. Plaintiffs recover from the defendant the amount of all wages, and other compensation, to which they are entitled from the date of their respective terminations to the time of entry of judgment herein, plus prejudgment interest;

2. Plaintiffs recover the wages and overtime pay that they did not receive because of Defendant's illegal and discriminatory practices, plus prejudgment interest;

3. That Plaintiffs be reinstated to their former position of employment with the defendant including all compensation and benefits that they were receiving immediately prior to their discharges;

4. In the alternative, that Plaintiffs be awarded the amount of future wages and benefits they would have earned but for Defendant's discrimination;

5. Plaintiffs recover for compensatory damages, including mental anguish, humiliation, and emotional distress;

6. Plaintiffs recover exemplary damages;

7. Plaintiffs recover from the defendant reasonable attorney's fees incurred in the prosecution of this action;

8. Plaintiffs recover from the defendant double damages for willful violation by the defendant of 29 U.S.C. 623 in an amount to be determined by a jury;

9. The costs of this action, including expert witness fees, be taxed against the defendant;

ClibPDF - www.fastio.com

10. All issues herein be determined by a jury; and

11. The Court grant such other relief to which it deems the plaintiffs justly entitled.

>                                   RESPECTFULLY SUBMITTED,
>
>                                   MICHAEL R. COWEN, P.C.
>                                   765 E. 7th Street, Suite A
>                                   Brownsville, Texas 78520
>                                   Telephone (956) 541-4981
>                                   Facsimile (956) 504-3674
>
> By: _____
>                                   Michael R. Cowen
>                                   S.D. Tex. ID No. 19967
>                                   Texas Bar No. 00795307

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

_____ DISTRICT OF _____

Allen Fry and Miguel Lopez

## SUMMONS IN A CIVIL CASE

V.

CASE NUMBER: B 01 - 7 2

AKAL Security, Inc.

TO: (Name and address of defendant)

Akal Security, Inc.
Defendant by serving its registered agent:
Richard Wimberly
1110 Kingwood Drive, Suite 203
Kingwood, TX 77339

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is herewith served upon you, within __twenty (20)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk                              5/7/01

CLERK                                                DATE

(BY) DEPUTY CLERK

ClibPDF - www.fastio.com