IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 4 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ALLEN FRY and MIGUEL LOPEZ, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. B-01-CV-72 |
| § | |
| AKAL SECURITY, INC., § | |
| § | |
| Defendant. § | |

## DEFENDANT'S ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW Akal Security, Inc., Defendant in the above-entitled civil action, and files its Answer to Plaintiffs' Original Complaint (hereinafter the "Complaint"). In support of such Answer, Defendant Akal Security, Inc. (hereinafter "Defendant" or "Akal"), would respectfully show unto the Court the following:

### Rule 12(b) Defense

Plaintiffs' Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

### Answers to Allegations in Complaint

Subject to the foregoing defense and without waiver of same, Defendant pleads as follows in response to each of the allegations contained in the Complaint:

1. In response to the allegations contained in paragraph 1.1 of the Complaint, Defendant admits that Plaintiffs purport to invoke the Court's jurisdiction under the statutes cited, but denies that it has violated the statutes upon which Plaintiffs' lawsuit is based. Defendant further denies that any basis exists for Plaintiffs' claims under said statutes or that Plaintiffs are entitled to the relief sought, or to any relief whatsoever.

2. In response to the allegations contained in paragraph 1.2 of the Complaint, Defendant admits that Plaintiffs purport to invoke the Court's diversity jurisdiction, but denies that any basis exists for Plaintiffs' claims under said statutes or that Plaintiffs are entitled to the relief sought thereunder, or to any relief whatsoever.

3. In response to the allegations contained in paragraph 1.3 of the Complaint, Defendant admits that it does business in the Southern District of Texas, but denies that any basis exists for Plaintiffs' claims. Defendant is without sufficient information to admit or deny whether Plaintiffs are residents of the District.

4. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 2.1 of the Complaint.

5. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 2.2 of the Complaint.

6. Defendant admits the allegations contained in paragraph 2.3 of the Complaint.

7. Defendant admits the allegations contained in paragraph 3.1 of the Complaint.

8. Defendant admits the allegations contained in paragraph 3.2 of the Complaint.

9. In response to the allegations contained in paragraph 3.3 of the Complaint, Defendant admits that Plaintiff Fry has represented that he was born on or about February 7, 1928.

10. In response to the allegations contained in paragraph 3.4 of the Complaint, Defendant admits that Plaintiff Lopez has represented that he was born on or about May 8, 1929.

11. Defendant admits the allegations contained in paragraph 3.5 of the Complaint.

12. Defendant denies the allegations contained in paragraph 3.6 of the Complaint.

13. Defendant denies the allegations contained in paragraph 3.7 of the Complaint.

14. Defendant denies the allegations contained in paragraph 3.8 of the Complaint.

15. Defendant is without sufficient information to admit or deny whether Plaintiff Miguel Lopez "wanted the position of Lead CSO when Bill Sherrill stepped down." Defendant admits that it hired Roy Zepeda and that Mr. Zepeda is younger than Miguel Lopez. Defendant denies the remaining allegations contained in paragraph 3.9 of the Complaint.

16. Defendant denies the allegations contained in paragraph 3.10 of the Complaint.

17. Defendant denies the allegations contained in paragraph 3.11 of the Complaint.

18. Defendant denies the allegations contained in paragraph 3.12 of the Complaint.

19. Defendant denies the allegations contained in paragraph 3.13 of the Complaint.

20. Defendant admits the allegations contained in paragraph 4.1 of the Complaint.

21. In response to the allegations contained in paragraph 4.2 of the Complaint, Defendant admits that Plaintiff Fry has represented that he was born on or about February 7, 1928 and that Plaintiff Lopez has represented that he was born on or about May 8, 1929.

22. Defendant denies the allegations contained in paragraph 4.3 of the Complaint.

23. Defendant denies the allegations contained in paragraph 4.4 of the Complaint.

24. Defendant denies the allegations contained in paragraph 4.5 of the Complaint.

25. Defendant denies the allegations contained in paragraph 4.6 of the Complaint.

26. In response to the allegations contained in paragraph 4.7 of the Complaint, Defendant admits that Plaintiff Fry signed a charge of discrimination on September 29, 1999 and Plaintiff Lopez signed a charge of discrimination on January 7, 2000. Defendant is without sufficient information to admit or deny whether Plaintiffs have received notices of right to sue. Defendant denies the remaining allegations contained in paragraph 4.7 of the Complaint.

27. Defendant denies the allegations contained in paragraph 4.8 of the Complaint.

28. Defendant denies the allegations contained in paragraph 5.1 of the Complaint.

29. Defendant denies the allegations contained in paragraph 5.2 of the Complaint.

30. Defendant denies the allegations contained in paragraph 5.3 of the Complaint.

31. Defendant denies the allegations contained in paragraph 6.1 of the Complaint.

32. In response to the allegations contained in paragraph 6.2 of the Complaint, Defendant admits that Plaintiffs purport to bring their claim under the Texas Labor Code, but denies that any basis exists for such claim or that Plaintiffs are entitled to the relief sought or to any relief whatsoever.

33. Defendant denies the allegations contained in paragraph 6.3 of the Complaint.

34. Defendant denies that Plaintiffs are entitled to the relief sought in the Prayer of the Complaint, including subsections (1) through (11), or to any relief whatsoever.

35. Any allegations in the Complaint not expressly and specifically admitted in the foregoing responses are hereby denied.

**Affirmative Defenses**

1. To the extent that Plaintiffs have made allegations which relate to claims based upon matters occurring more than three hundred (300) days prior to the filing of a charge of discrimination with the Equal Employment Opportunity Commission and/or one hundred and eighty (180) days with the Texas Commission on Human Rights, such claims are barred.

2. Pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*,(hereinafter "ADEA") and the Texas Commission on Human Rights Act, the allegations in the Complaint may not exceed the scope and content of Plaintiffs' underlying discrimination charges and

-4-

the investigation conducted pursuant thereto. Accordingly, to the extent the Complaint encompasses any such claims and/or events, those claims and/or events are not properly before the Court, jurisdictionally or otherwise.

3. Plaintiffs' claims are barred, in whole or in part, because Defendant's actions with respect to Plaintiffs were at all times in compliance and comportment with the ADEA and the Texas Commission on Human Rights and all other applicable laws, and were taken in good faith and for lawful, legitimate, and nondiscriminatory reasons.

4. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

5. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

6. Plaintiffs' claims are barred, in whole or in part, because they failed to satisfy all administrative prerequisites for bringing this suit and also failed to exhaust administrative remedies.

7. Plaintiffs' claims are preempted by Section 301 of the Labor Management Relations Act.

8. Plaintiffs' claims are barred because they failed to exhaust available grievance and arbitration remedies.

9. Plaintiffs' claims are barred, in whole or in part, because they are subject to arbitration.

10. Defendant may not be held vicariously liable for punitive/liquidated damages based on any unlawful employment decision, if any, by managerial agents because any such decisions

-5-

would be contrary to Defendant's policies and good-faith efforts to comply with the ADEA and Texas Commission on Human Rights Act.

11. Plaintiffs' alleged claims for compensatory and/or punitive damages are not merited in this case or in the alternative are limited by the 1991 Civil Rights Act and the Texas Commission on Human Rights Act.

12. Any amount which Plaintiffs claim are due and owing to them for lost wages and other employment benefits must be mitigated and reduced by the amount of wages and benefits Plaintiffs earned (including unemployment compensation benefits, if any) or which, through the exercise of reasonable diligence, they could have earned, during the period for which lost wages and benefits are sought by Plaintiffs.

13. Defendant is entitled to an offset against and/or reduction of any monetary award for back pay and/or damages, if any, for (i) the total earnings and income of Plaintiffs, if any, between the date of their cessation of employment with Defendant and the present; and (ii) all state and federal benefits, unemployment compensation and other benefits received by Plaintiffs, if any, between the date of their cessation of active work with Defendant and the present.

14. Defendant reserves its right to amend this Answer and assert additional affirmative defenses as the claims of Plaintiffs are more fully disclosed in the course of discovery in this litigation.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that this Court dismiss all of Plaintiffs' claims with prejudice, award Defendant costs and attorney's fees and award Defendant such other relief to which it may be justly entitled.

Dated: June 2, 2001

Respectfully submitted,

*Raquel G. Pérez*

Raquel G. Pérez
Attorney-in-Charge
State Bar No. 00784746
Southern District Bar No. 19187
J. Tullos Wells
State Bar No. 21146500
Southern District Bar No. 8337
Bracewell & Patterson, L.L.P.
106 South St. Mary's Street
Suite 800
San Antonio, Texas 78205
Telephone: (210) 226-1166
Facsimile: (210) 226-1133

ATTORNEYS FOR DEFENDANT
AKAL SECURITY, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant's Answer to Plaintiffs' Original Complaint has been sent by certified mail, return receipt requested, to counsel of record for Plaintiff, Michael Raphael Cowen, 765 East 7th Street, Suite A, Brownsville, Texas 78520 on this the 2nd day of June, 2001.

*Raquel G. Pérez*

Raquel G. Pérez