IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALLEN FRY and MIGUEL LOPEZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-01-CV-72 |
| | § | |
| AKAL SECURITY, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS AND DEFENDANT'S
JOINT DISCOVERY/CASE MANAGEMENT PLAN**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allen Fry and Miguel Lopez, Plaintiffs, and Akal Security, Inc., Defendant, in the above-referenced action, filing their Joint Discovery/Case Management Plan, as required by the Cost and Delay Reduction Plan in the Civil Justice Reform Act of 1990 adopted by the Court on October 24, 1991.

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    ANSWER: The Rule 26(f) conference was held via telephonic conference on Wednesday, June 20, 2001. Michael R. Cowen attended on behalf of the Plaintiffs. Raquel G. Pérez attended on behalf of Defendant.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    ANSWER: The parties are not aware of any related pending cases at this time.

3. Specify the allegation of federal jurisdiction.

    ANSWER: Plaintiffs have brought this case pursuant to the Age Discrimination in Employment Act.

4. Name the parties who disagree and the reasons.

   ANSWER: None at this time.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   ANSWER: None anticipated at this time

6. List anticipated interventions.

   ANSWER: None anticipated at this time.

7. Describe class-action issues.

   ANSWER: None.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   ANSWER: The parties have not made initial disclosures. The parties anticipate exchanging any additional information required by Rule 26(a)(1) within 30 calendar days following the scheduling conference currently set for Friday, June 22, 2001. In the event such disclosures may call for the production of any confidential and/or proprietary documents, Defendant will request that Plaintiffs sign an agreed protective order with respect to such documents. In the absence of an agreed protective order, Defendant will request that a protective order be entered by the Court.

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

      ANSWER: (1) Rule 26(f)(1) - See responses to Numbers 8 and 12.

      (2) Rule 26(f)(2) - See response to Number 8. Otherwise, Plaintiffs and Defendant will conduct discovery based upon claims made and defenses asserted in this lawsuit. Plaintiffs and Defendant anticipate discovery will be completed within 180 days of the Pretrial and Scheduling Conference which is currently scheduled for June 22, 2001.

      (3) Rule 26(f)(3) - No changes needed at this time, subject to arrangements of the parties.

-2-

   (3) Rule 26(f)(3) - No changes needed at this time, subject to arrangements of the parties.

   (4) Rule 26(f)(4) - In the event discovery responses and/or disclosures call for the production of any confidential and/or proprietary documents, Defendant will request that Plaintiffs sign an agreed protective order with respect to such documents. In the absence of an agreed protective order, Defendant will request that a protective order be entered by the Court. In the event this issue arises, Defendant will file a motion for protective order with the Court.

B. When and to whom the plaintiff anticipates it may send interrogatories.

  ANSWER: Plaintiffs anticipate propounding interrogatories to Defendant during the discovery period.

C. When and to whom the defendant anticipates it may send interrogatories.

  ANSWER: Defendant anticipates propounding interrogatories to Plaintiffs during the discovery period.

D. Of whom and by when the plaintiff anticipates taking oral depositions.

  ANSWER: Plaintiffs will depose witnesses with relevant knowledge during the discovery period.

E. Of whom and by when the defendant anticipates taking oral depositions.

  ANSWER: Defendant will take the depositions of the Plaintiffs. Defendant may be required to take additional depositions of additional witnesses with knowledge of relevant facts. Defendant will also take the depositions of any experts which may be designated by the Plaintiffs.

F. List expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

  ANSWER: The Plaintiffs have not yet determined whether experts will be designated in this case.

G. List expert depositions the defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

-3-

ANSWER: Defendant anticipates that it will depose any experts designated by the Plaintiffs by the end of the discovery deadline.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

ANSWER: Counsel have no disagreements at this time.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

ANSWER: No discovery has been undertaken at this time.

12. State the date the planned discovery can reasonably be completed.

ANSWER: Within 180 days from the initial scheduling conference, currently scheduled for June 22, 2001.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

ANSWER: See responses to Nos. 14 and 15.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

ANSWER: The parties discussed the possibility of a prompt resolution during the Rule 26(f) conference. Additionally, it is the parties' understanding that an attempt to resolve the case was made at the Equal Employment Opportunity Commission administrative stage.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

ANSWER: Possibly mediation after preliminary discovery.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

ANSWER: The parties have yet to decide this issue.

17. State whether a jury demand has been made and if it was made on time.

ANSWER: Jury demand made on Plaintiffs' Original Complaint.

18. Specify the number of hours it will take to present the evidence in this case.

    ANSWER: At this time, the parties anticipate four to five 8-hour days.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    ANSWER: There are no pending motions at this time.

20. List other motions pending.

    ANSWER: There are no other pending motions at this time.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    ANSWER: The parties are not aware of any at this time.

22. List the names, bar numbers, addresses, and telephone numbers of all counsel.

    ANSWER:

| | |
|---|---|
| Michael Raphael Cowen | Raquel G. Pérez |
| Attorney-in-Charge | Attorney-in-Charge |
| State Bar No. 00795307 | State Bar No. 00784746 |
| Southern District Bar No. 19967 | Southern District No. 19187 |
| Michael R. Cowen, P.C. | J. Tullos Wells |
| Suite A | State Bar No. 21146500 |
| 765 East 7th Street | Southern District No. 8337 |
| Brownsville, Texas 78520 | Bracewell & Patterson, L.L.P. |
| Telephone: (956) 541-4981 | 800 One Alamo Center |
| Facsimile: (956) 504-3674 | 106 South St. Mary's Street |
| | San Antonio, Texas 78205 |
| ATTORNEY FOR PLAINTIFFS | Telephone: (210) 226-1166 |
| ALLEN FRY and MIGUEL LOPEZ | Facsimile: (210) 226-1133 |
| | |
| | ATTORNEYS FOR DEFENDANT |
| | AKAL SECURITY, INC. |

Dated: June 21, 2001

Respectfully submitted,

_____
Raquel G. Pérez
Attorney-in-Charge
State Bar No. 00784746
Southern District Bar No. 19187
J. Tullos Wells
State Bar No. 21146500
Southern District Bar No. 8337
Bracewell & Patterson, L.L.P.
106 South St. Mary's Street
Suite 800
San Antonio, Texas 78205
Telephone: (210) 226-1166
Facsimile: (210) 226-1133

ATTORNEYS FOR DEFENDANT
AKAL SECURITY, INC.

_____
Michael Raphael Cowen
Attorney-in-Charge
State Bar No. 00795307
Southern District Bar No. 19967
Michael R. Cowen, P.C.
Suite A
765 East 7th Street
Brownsville, Texas 78520
Telephone: (956) 541-4981
Facsimile: (956) 504-3674

ATTORNEY FOR PLAINTIFFS
ALLEN FRY and MIGUEL LOPEZ