14

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**United States District Court**
**Southern District of Texas**
**FILED**

FEB 0 1 2002

**Michael N. Milby**
**Clerk of Court**

| | | |
|---|---|---|
| ALLEN FRY and MIGUEL LOPEZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-01-CV-72 |
| | § | |
| AKAL SECURITY, INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE
## ITS FIRST AMENDED ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Akal Security, Inc., Defendant in the above-entitled civil action, and files this

Unopposed Motion for Leave to File its First Amended Answer to Plaintiffs' Original Complaint

(hereinafter the "Complaint"). In support of such Motion, Defendant Akal Security, Inc. (hereinafter

"Defendant" or "Akal"), would respectfully show unto this Honorable Court the following:

1.      Plaintiffs filed this suit on or about May 7, 2001.

2.      Defendant filed its Original Answer to Plaintiff's Complaint on June 4, 2001.

3.      Since the time of the filing of that answer, Defendant has engaged in discovery as

well as factual and legal investigation of the case.  Based upon the information obtained through the

discovery process in Defendant's legal and factual investigation, Defendant wishes to modify its

answer by adding several additional affirmative defenses; specifically defenses fourteen through

nineteen.

4.      Under the Court's Scheduling Order, the deadline for filing all other motions is ten

(10) days after the completion of discovery.  Discovery ended in this case on January 24, 2002.

Therefore, this motion is being filed well within the deadline established by the Court.

5.      Under the liberal pleading amendment standards embodied by Rule 15(a) of the

Federal Rules of Civil Procedure, the Court should grant Defendant leave to file its First Amended

Answer. *See, e.g., Shipner v. Eastern Airlines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989) (unless a

substantial reason exists to deny leave to amend, district court must grant amendment); *Lowrey v.*

*Texas A&M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997).

6.      Defendant has attached to this Motion Defendant's First Amended Answer.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court

grant leave to file its First Amended Answer and order the clerk to file same which is attached to this

Motion.

Dated: February 1, 2002                 Respectfully submitted,

Raquel G. Pérez
Attorney-in-Charge
State Bar No. 00784746
Southern District Bar No. 19187
J. Tullos Wells
State Bar No. 21146500
Southern District Bar No. 8337
Bracewell & Patterson, L.L.P.
106 South St. Mary's Street
Suite 800
San Antonio, Texas 78205
Telephone:  (210) 226-1166
Facsimile:  (210) 226-1133

ATTORNEYS FOR DEFENDANT
AKAL SECURITY, INC.

## **CERTIFICATE OF CONFERENCE**

Counsel for Defendant contacted the office of counsel for Plaintiffs via telephone on January 31, 2002, who indicated that counsel for Plaintiffs was not opposed to this motion.

Raquel G. Perez

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing Defendant's Unopposed Motion for Leave to File its First Amended Answer to Plaintiffs' Original Complaint is being sent by certified mail, return receipt requested, to counsel of record for Plaintiff, Michael Raphael Cowen, 765 East 7th Street, Suite A, Brownsville, Texas 78520 on the 1st day of February, 2002.

Raquel G. Pérez

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALLEN FRY and MIGUEL LOPEZ, | § | |
| | § | |
|      Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-01-CV-72 |
| | § | |
| AKAL SECURITY, INC., | § | |
| | § | |
|      Defendant. | § | |

## DEFENDANT'S FIRST AMENDED ANSWER
## TO PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW Akal Security, Inc., Defendant in the above-entitled civil action, and files its First Amended Answer to Plaintiffs' Original Complaint (hereinafter the "Complaint"). In support of such Answer, Defendant Akal Security, Inc. (hereinafter "Defendant" or "Akal"), would respectfully show unto the Court the following:

### Rule 12(b) Defense

Plaintiffs' Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

### Answers to Allegations in Complaint

Subject to the foregoing defense and without waiver of same, Defendant pleads as follows in response to each of the allegations contained in the Complaint:

1.    In response to the allegations contained in paragraph 1.1 of the Complaint, Defendant admits that Plaintiffs purport to invoke the Court's jurisdiction under the statutes cited, but denies that it has violated the statutes upon which Plaintiffs' lawsuit is based. Defendant further denies that

any basis exists for Plaintiffs' claims under said statutes or that Plaintiffs are entitled to the relief sought, or to any relief whatsoever.

2.      In response to the allegations contained in paragraph 1.2 of the Complaint, Defendant admits that Plaintiffs purport to invoke the Court's diversity jurisdiction, but denies that any basis exists for Plaintiffs' claims under said statutes or that Plaintiffs are entitled to the relief sought thereunder, or to any relief whatsoever.

3.      In response to the allegations contained in paragraph 1.3 of the Complaint, Defendant admits that it does business in the Southern District of Texas, but denies that any basis exists for Plaintiffs' claims. Defendant is without sufficient information to admit or deny whether Plaintiffs are residents of the District.

4.      Defendant is without sufficient information to admit or deny the allegations contained in paragraph 2.1 of the Complaint.

5.      Defendant is without sufficient information to admit or deny the allegations contained in paragraph 2.2 of the Complaint.

6.      Defendant admits the allegations contained in paragraph 2.3 of the Complaint.

7.      Defendant admits the allegations contained in paragraph 3.1 of the Complaint.

8.      Defendant admits the allegations contained in paragraph 3.2 of the Complaint.

9.      In response to the allegations contained in paragraph 3.3 of the Complaint, Defendant admits that Plaintiff Fry has represented that he was born on or about February 7, 1928.

10.     In response to the allegations contained in paragraph 3.4 of the Complaint, Defendant admits that Plaintiff Lopez has represented that he was born on or about May 8, 1929.

11.    Defendant admits the allegations contained in paragraph 3.5 of the Complaint.

12.    Defendant denies the allegations contained in paragraph 3.6 of the Complaint.

13.    Defendant denies the allegations contained in paragraph 3.7 of the Complaint.

14.    Defendant denies the allegations contained in paragraph 3.8 of the Complaint.

15.    Defendant is without sufficient information to admit or deny whether Plaintiff Miguel Lopez "wanted the position of Lead CSO when Bill Sherrill stepped down." Defendant admits that it hired Roy Zepeda and that Mr. Zepeda is younger than Miguel Lopez. Defendant denies the remaining allegations contained in paragraph 3.9 of the Complaint.

16.    Defendant denies the allegations contained in paragraph 3.10 of the Complaint.

17.    Defendant denies the allegations contained in paragraph 3.11 of the Complaint.

18.    Defendant denies the allegations contained in paragraph 3.12 of the Complaint.

19.    Defendant denies the allegations contained in paragraph 3.13 of the Complaint.

20.    Defendant admits the allegations contained in paragraph 4.1 of the Complaint.

21.    In response to the allegations contained in paragraph 4.2 of the Complaint, Defendant admits that Plaintiff Fry has represented that he was born on or about February 7, 1928 and that Plaintiff Lopez has represented that he was born on or about May 8, 1929.

22.    Defendant denies the allegations contained in paragraph 4.3 of the Complaint.

23.    Defendant denies the allegations contained in paragraph 4.4 of the Complaint.

24.    Defendant denies the allegations contained in paragraph 4.5 of the Complaint.

25.    Defendant denies the allegations contained in paragraph 4.6 of the Complaint.

26.     In response to the allegations contained in paragraph 4.7 of the Complaint, Defendant admits that Plaintiff Fry signed a charge of discrimination on September 29, 1999 and Plaintiff Lopez signed a charge of discrimination on January 7, 2000.   Defendant is without sufficient information to admit or deny whether Plaintiffs have received notices of right to sue.   Defendant denies the remaining allegations contained in paragraph 4.7 of the Complaint.

27.     Defendant denies the allegations contained in paragraph 4.8 of the Complaint.

28.     Defendant denies the allegations contained in paragraph 5.1 of the Complaint.

29.     Defendant denies the allegations contained in paragraph 5.2 of the Complaint.

30.     Defendant denies the allegations contained in paragraph 5.3 of the Complaint.

31.     Defendant denies the allegations contained in paragraph 6.1 of the Complaint.

32.     In response to the allegations contained in paragraph 6.2 of the Complaint, Defendant admits that Plaintiffs purport to bring their claim under the Texas Labor Code, but denies that any basis exists for such claim or that Plaintiffs are entitled to the relief sought or to any relief whatsoever.

33.     Defendant denies the allegations contained in paragraph 6.3 of the Complaint.

34.     Defendant denies that Plaintiffs are entitled to the relief sought in the Prayer of the Complaint, including subsections (1) through (11), or to any relief whatsoever.

35.     Any allegations in the Complaint not expressly and specifically admitted in the foregoing responses are hereby denied.

## Affirmative Defenses

1.      To the extent that Plaintiffs have made allegations which relate to claims based upon matters occurring more than three hundred (300) days prior to the filing of a charge of discrimination with the Equal Employment Opportunity Commission and/or one hundred and eighty (180) days with the Texas Commission on Human Rights, such claims are barred.

2.      Pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*,(hereinafter "ADEA") and the Texas Commission on Human Rights Act, the allegations in the Complaint may not exceed the scope and content of Plaintiffs' underlying discrimination charges and the investigation conducted pursuant thereto. Accordingly, to the extent the Complaint encompasses any such claims and/or events, those claims and/or events are not properly before the Court, jurisdictionally or otherwise.

3.      Plaintiffs' claims are barred, in whole or in part, because Defendant's actions with respect to Plaintiffs were at all times in compliance and comportment with the ADEA and the Texas Commission on Human Rights and all other applicable laws, and were taken in good faith and for lawful, legitimate, and nondiscriminatory reasons.

4.      Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

5.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

6.      Plaintiffs' claims are barred, in whole or in part, because they failed to satisfy all administrative prerequisites for bringing this suit and also failed to exhaust administrative remedies.

7.      Plaintiffs' claims are preempted by Section 301 of the Labor Management Relations Act.

8.      Plaintiffs' claims are barred because they failed to exhaust available grievance and arbitration remedies.

9.      Plaintiffs' claims are barred, in whole or in part, because they are subject to arbitration.

10.     Defendant may not be held vicariously liable for punitive/liquidated damages based on any unlawful employment decision, if any, by managerial agents because any such decisions would be contrary to Defendant's policies and good-faith efforts to comply with the ADEA and Texas Commission on Human Rights Act.

11.     Plaintiffs' alleged claims for compensatory and/or punitive damages are not merited in this case or in the alternative are limited by the 1991 Civil Rights Act and the Texas Commission on Human Rights Act.

12.     Any amount which Plaintiffs claim are due and owing to them for lost wages and other employment benefits must be mitigated and reduced by the amount of wages and benefits Plaintiffs earned (including unemployment compensation benefits, if any) or which, through the exercise of reasonable diligence, they could have earned, during the period for which lost wages and benefits are sought by Plaintiffs.

13.     Defendant is entitled to an offset against and/or reduction of any monetary award for back pay and/or damages, if any, for (i) the total earnings and income of Plaintiffs, if any, between the date of their cessation of employment with Defendant and the present; and (ii) all state and

-6-

federal benefits, unemployment compensation and other benefits received by Plaintiffs, if any, between the date of their cessation of active work with Defendant and the present.

14.     Plaintiffs' claims for damages are barred due to their failure to mitigate their damages.

15.     Plaintiffs' claim for liquidated damages under the Age Discrimination in Employment Act are barred because Defendant's conduct was taken in good faith and was based on factors other than age.

16.     Plaintiffs' claims are barred, in whole or in part, by the after acquired evidence doctrine.

17.     Plaintiff's claims are barred, in whole or part, because Defendant would have taken the same action in the absence of any alleged impermissible motivating factor(s).

18.     Any imposition of punitive damages under Texas law is limited in amount by Section 41.008 of the Texas Civil Practice and Remedies Code.

19.     Plaintiffs' claims are barred, in whole or in part, to the extent that they qualify under TEX. LAB. CODE ANN. § 21.104.

20.     Defendant reserves its right to amend this Answer and assert additional affirmative defenses as the claims of Plaintiffs are more fully disclosed in the course of discovery in this litigation.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that this Court dismiss all of Plaintiffs' claims with prejudice, award Defendant costs and attorney's fees and award Defendant such other relief to which it may be justly entitled.

Dated: February 1, 2002

Respectfully submitted,

Raquel G. Pérez
Attorney-in-Charge
State Bar No. 00784746
Southern District Bar No. 19187
J. Tullos Wells
State Bar No. 21146500
Southern District Bar No. 8337
Bracewell & Patterson, L.L.P.
106 South St. Mary's Street
Suite 800
San Antonio, Texas 78205
Telephone:  (210) 226-1166
Facsimile:  (210) 226-1133

ATTORNEYS FOR DEFENDANT
AKAL SECURITY, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant's First Amended Answer to Plaintiffs' Original Complaint is being sent by certified mail, return receipt requested, to counsel of record for Plaintiff, Michael Raphael Cowen, 765 East 7th Street, Suite A, Brownsville, Texas 78520 on the 1st day of February, 2002.

Raquel G. Pérez

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALLEN FRY and MIGUEL LOPEZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-01-CV-72 |
| | § | |
| AKAL SECURITY, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING DEFENDANT'S UNOPPOSED
## MOTION FOR LEAVE TO FILE ITS FIRST AMENDED ANSWER

The matter before the Court is Defendant's Unopposed Motion for Leave to File Its First Amended Answer.

After considering the First Amended Answer, the status of this case, and the liberal rules for allowing amended pleadings under the Federal Rules of Civil Procedure, the Court is of the opinion that the Motion should be GRANTED.

IT IS THEREFORE ORDERED that Defendant's Unopposed Motion for Leave to File Its First Amended Answer is hereby granted and the clerk is ordered to file this document, which is attached to the Motion, in the official record of this case.

SIGNED this _____ day of _____, 2002.


_____
UNITED STATES DISTRICT JUDGE