

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 7 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ALLEN FRY and MIGUEL LOPEZ, | § § § | |
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION NO. B-01-CV-72 |
| AKAL SECURITY, INC., | § § § | |
| Defendant. | § | |

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE AT TRIAL

NOW COMES Defendant Akal Security, Inc., and files this its Motion in Limine requesting the Court to instruct Plaintiffs Allen Fry and Miguel Lopez and their counsel not to question any party or witness, offer any evidence, or make any statement pertaining to any of the following matters without first taking up same with the Court outside of the presence of the jury:

1.  Any statement, reference, question or document regarding any claim of employment discrimination by Defendant against Plaintiffs that is not included in Plaintiffs' EEOC charges.

    GRANTED: _____

    REFUSED: _____

2.  Any statement, reference, question or document regarding any claim of employment discrimination by Defendant against Plaintiffs that is not included in Plaintiffs' Complaint in this case.

    GRANTED: _____

    REFUSED: _____

3. Any statement, reference, question or document indicating that any action taken against the Plaintiffs because of their inability to perform their job duties constitutes discrimination on the basis of age.

    GRANTED: _____

    REFUSED: _____

4. Any reference or statement, directly or indirectly, that Defendant has engaged in any action to harm Plaintiffs in any manner other than discrimination on the basis of age.

    GRANTED: _____

    REFUSED: _____

5. Any evidence, directly or indirectly, by or regarding any applicant(s), current employee(s) and/or former employee(s) of Defendant other than Plaintiffs claiming that they were denied employment, disciplined, demoted, discharged from employment or suffered other adverse employment actions because of their age, race, religion, color, national origin, disability (physical and/or mental), any other discriminatory factor, or any other allegedly wrongful conduct by Defendant.

    GRANTED: _____

    REFUSED: _____

6. In the event of severance, any reference, directly or indirectly, that the other Plaintiff, whose case is not being tried at that time, has also filed a discrimination suit on the basis of age against Defendant, is making any other claims against Defendant, or is alleging that Defendant has engaged in any wrongful conduct.

    GRANTED: _____

    REFUSED: _____

7.  Any reference or statement, directly or indirectly, indicating that any other applicant(s), current employee(s) or former employee(s) of Defendant other than the Plaintiff whose case is being tried, have filed charges of discrimination with the Equal Employment Opportunity Commission and/or any other state deferral agency(ies) against Defendant, have filed other lawsuits against Defendant or have made any other complaints of discrimination or wrongdoing against Defendant.

   GRANTED: _____

   REFUSED: _____

8.  Any lay opinions regarding discrimination by Defendant or its employees against Plaintiffs or anyone else.

   GRANTED: _____

   REFUSED: _____

9.  Any reference or statement, directly or indirectly, regarding Plaintiffs' mental or emotional state of mind due to any alleged actions or conduct by Defendant.

   GRANTED: _____

   REFUSED: _____

10. Any reference or statement, directly or indirectly, regarding suffering, damages or losses, due to emotional distress, mental anguish or suffering by Plaintiffs as a result of any action or conduct by Defendant.

   GRANTED: _____

   REFUSED: _____

11. Any reference or statement, directly or indirectly, that either Plaintiff should recover based on any claim on which the Court has granted summary judgment.

      GRANTED: _____

      REFUSED: _____

12. Any reference or statement, directly or indirectly, concerning any policy or practice of any company other than the Defendant in this case.

      GRANTED: _____

      REFUSED: _____

13. Any reference or statement, directly or indirectly, as to the nature or extent of any legal duty owed by Defendant to Plaintiffs for the reason that the question or issue of duty is a matter of law for the Court only; therefore, any charge or instructions with respect to this subject is solely within the province of the Court and should come from the Court only.

      GRANTED: _____

      REFUSED: _____

14. Any statement, reference, question, or document regarding the effect that additional evidence not before the jury has had or might have on the case.

      GRANTED: _____

      REFUSED: _____

15. Any reference or statement, directly or indirectly, that Defendant is or may have been involved in any related or unrelated, prior or subsequent claims, suits or settlements, or any reference or statement, directly or indirectly, to the amounts involved therein.

      GRANTED: _____

      REFUSED: _____

16. Any reference or statement, directly or indirectly, regarding past or present earnings, salaries, retirement, and/or benefits of any current or former employee of Defendant.

   GRANTED: _____

   REFUSED: _____

17. Any reference or statement, directly or indirectly, to the failure to call any witnesses available equally to either side.

   GRANTED: _____

   REFUSED: _____

18. Any attempt to tender, refer to, read from, or offer or exhibit any statements or reports from any witnesses not present in Court to testify and to be subject to examination by Defendant's counsel with the exception of properly admissible designated deposition testimony or documents that are admissible without testimony from a witness.

   GRANTED: _____

   REFUSED: _____

19. Any statement, reference, question, or document regarding the probable testimony of a witness who is absent, unavailable, or not called to testify in this case.

   GRANTED: _____

   REFUSED: _____

20. Any reference or statement, directly or indirectly, by any expert witness not timely identified by Plaintiffs.

   GRANTED: _____

   REFUSED: _____

21. Any reference or statement, directly or indirectly, that Defendant has not complied with any discovery request.

GRANTED: _____

REFUSED: _____

22. Any reference or statement, directly or indirectly, that Defendant has not produced any document.

GRANTED: _____

REFUSED: _____

23. Any reference or statement, directly or indirectly, that Plaintiffs' counsel not mention, infer or suggest that Defendant's witnesses met with counsel prior to trial and/or prepared for trial with the assistance of said counsel.

GRANTED: _____

REFUSED: _____

24. Any statement, reference, question, or document regarding the size of the law firm representing Defendant in this lawsuit or the cost to Defendant of defending this case.

GRANTED: _____

REFUSED: _____

25. Any statement, reference, question, or document which has the effect of conveying to the jury that they should not worry about who will pay the judgment in the event they hold for the Plaintiffs.

GRANTED: _____

REFUSED: _____

26. Any reference or statement which requests, directly or indirectly, that either Plaintiff is entitled to recover front pay or back pay because both Plaintiffs failed to mitigate their damages.

     GRANTED: _____

     REFUSED: _____

27. Any statement, reference, question or document regarding the existence of insurance which may provide coverage for Defendant's defense or liability.

     GRANTED: _____

     REFUSED: _____

28. Any statement, reference, question, or document regarding the net worth, earnings, or financial status of Defendant, including any reference to the ability of Defendant to pay any judgment or award, or the use of any language which connotes the relative financial position of the Plaintiffs versus Defendant.

     GRANTED: _____

     REFUSED: _____

29. Any reference or statement, directly or indirectly, which tends to inform the jury of the effects of its answers to any jury questions, or any reference, directly or indirectly, to certain jury questions as a party's question or a question of Defendant.

     GRANTED: _____

     REFUSED: _____

30. That counsel for Plaintiffs be instructed not to make a request, in the presence of the jury, to counsel for Defendant to enter into any stipulation, including, but not limited to, offers of

proof for admissible evidence. Such procedures would obviously be improper and even if Defendant were to object to same, such request would create prejudice in the minds of the jury.

GRANTED: _____

REFUSED: _____

31. Exchanges, discussions, or objections by or between counsel at any depositions taken in this case, except for stipulations between counsel for the parties and objections to questions or testimony that were required to be asserted at the deposition by the Federal Rules of Civil Procedure.

GRANTED: _____

REFUSED: _____

32. Any mention, directly or indirectly, that this Motion has been presented to or ruled upon by the Court. In this connection, Defendant moves that Plaintiffs' counsel be instructed not to suggest to the jury, by argument or otherwise, that Defendant has sought to exclude from proof any matter bearing on the issues in this case for the rights of the parties to the suit.

GRANTED: _____

REFUSED: _____

33. Any charts, diagrams or other demonstrative evidence to be displayed to the Court and jury, unless Plaintiffs' counsel has previously shown such charts, diagrams, or demonstrative evidence to Defendant's counsel.

GRANTED: _____

REFUSED: _____

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Motion be granted and that the Court grant it such other and further relief, both at law and in equity, to which it may be justly entitled.

Dated: February 6, 2002

Respectfully submitted,

*Raquel G. Pérez*
Raquel G. Pérez
Attorney-in-Charge
State Bar No. 00784746
Southern District Bar No. 19187
J. Tullos Wells
State Bar No. 21146500
Southern District Bar No. 8337
Bracewell & Patterson, L.L.P.
106 South St. Mary's Street
Suite 800
San Antonio, Texas 78205
Telephone: (210) 226-1166
Facsimile: (210) 226-1133

ATTORNEYS FOR DEFENDANT
AKAL SECURITY, INC.

## CERTIFICATE OF CONFERENCE

Counsel for Defendant hereby certifies that she attempted to contact counsel for Plaintiff telephonically on Monday, February 4, 2002 to confer about the foregoing Motion but he was not available. Accordingly, this Motion is presented to the Court for resolution.

*Raquel G. Pérez*
Raquel G. Pérez

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant's Motion in Limine to Exclude Certain Evidence at Trial is being sent by certified mail, return receipt requested, to counsel of record for Plaintiff, Michael R. Cowen, 765 East 7th Street, Suite A, Brownsville, Texas 78520 on the 6th day of February, 2002.

*Raquel G. Pérez*
Raquel G. Pérez

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ALLEN FRY and MIGUEL LOPEZ, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. B-01-CV-72 |
| § | |
| AKAL SECURITY, INC., § | |
| § | |
| Defendant. § | |

## ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE AT TRIAL

On this day came on for consideration Defendant's Motion in Limine to Exclude Certain Evidence at Trial and the Court having considered same and having heard the arguments of counsel is of the opinion that Defendant's Motion is well taken and should be GRANTED.

Therefore, it is hereby ORDERED that Defendant's Motion in Limine to Exclude Certain Evidence at Trial is GRANTED in whole and that Plaintiffs and their Counsel be instructed to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offer of documentary evidence, regarding the 33 points set forth in Defendant's Motion.

SIGNED and ENTERED this ____ day of _____, 2002.

_____
United States Magistrate Judge

PERERG\912625\000123
SAN ANTONIO\583443 1