IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FEB 2 6 2002

| | | |
|---|---|---|
| ALLEN FRY and | § | |
| MIGUEL LOPEZ | § | CIVIL ACTION NO. B-01-72 |
| | § | |
| VS. | § | |
| | § | JURY DEMANDED |
| AKAL SECURITY, INC. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO
SEVER OR, IN THE ALTERNATIVE, FOR SEPARATE TRIALS**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Allen Fry and Miguel Lopez ask the Court to deny the Defendant's Motion to Sever or, in the Alternative, for Separate Trials.

The Court may try both of Plaintiffs' claims together so long as they assert a right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to [both Plaintiffs] will arise in the action." Fed. R. Civ. P. 20(a). Plaintiffs claims arise out of the same series of transaction, and have common issues of law and fact. Both Plaintiffs claim that they, and all older CSOs, were not given the same job assignments as younger CSOs. They had to work at the entrance of the courthouse, rather than receiving other posts. Even when they were allowed to work in a courtroom, they could only do so for a short time. Therefore, they did not have the same overtime opportunities as younger CSOs. These common issues should be tried together.

Admittedly, each of Plaintiffs' firings involved factually different circumstances. However, even if the cases were severed, each Plaintiff could introduce evidence regarding the other's firing as evidence of intent or motive. *See* Fed. R. Evid. 404(b). Therefore, a severance or separate trials would not only waste judicial resources because multiple trials will substantially duplicate the time

and work in each case, *see Avitia v. Metropolitan Club*, 49 F.3d 1219, 1224 (7th Cir. 1995), but they would not avoid any prejudice to Defendant because the evidence of both Plaintiffs' firings would be given to each jury. Further, any prejudice to Defendant can be eliminated by an appropriate limiting instruction. *See Ward v. Johns Hopkins Univ.*, 861 F. Supp. 367, 379 (D. Md. 1994).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court DENY Defendant's Motion to Sever or, in the Alternative, for Separate Trials.

RESPECTFULLY SUBMITTED,

MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Texas 78520
Telephone (956) 541-4981
Facsimile (956) 504-3674

By: _____
Michael R. Cowen
Texas Bar No. 00795306
Federal I.D. No. 19967

## CERTIFICATE OF SERVICE

  I, Michael R. Cowen, certify that a true and correct copy of the foregoing document has been sent to Defendant's counsel by regular U.S. mail and/or hand delivery on the 26th day of February, 2002.

  Raquel G. Perez
  Bracewell & Patterson, L.L.P.
  106 S. St. Mary's Street, Suite 800
  San Antonio, Texas 78205

                     _____
                      Michael R. Cowen